# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. MELBYE, aka Brent Melbye,<br><br>                              Plaintiff,<br>    vs.<br>ACCELERATED PAYMENT TECHNOLOGIES, INC, a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>                            Defendants. | CASE NO. 10-cv-2040 – IEG (JMA)<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT<br><br>[Doc. No. 38] |

      This is an employment action alleging wrongful termination, breach of contract, and failure to pay wage commissions. Currently before the Court is Plaintiff's Motion for Leave to Amend Complaint to Clarify/Streamline Pleading for Trial, filed on December 1, 2011. [Doc. No. 38.] On December 5, 2011, the Court granted the parties' joint motion to expedite hearing on the motion. Defendant then filed an opposition, and Plaintiff replied. [Doc. Nos. 42, 43.] The Court took the motion under submission pursuant to Civil Local Rule 7.1(d)(1). Having considered the parties' arguments, and for the reasons set forth below, the Court **DENIES** Plaintiff's motion to amend.

– 1 –

**BACKGROUND**

Plaintiff alleges that he was terminated in violation of an agreement not to terminate him except for good cause.  Plaintiff further alleges that another agreement between him and Defendant provided that Defendant would continue to pay him commission even after termination unless Plaintiff was terminated for good cause.  Plaintiff alleges that Defendant breached that agreement and did not pay him his commission after termination.

Plaintiff filed his complaint on September 2, 2010 in the Superior Court for the County of San Diego.  In his complaint, Plaintiff alleged the following causes of action: (1) breach of contract; (2) unconscionable contract; (3) prevention of performance; (4) breach of the implied covenant of good faith and fair dealing; (5) unjust enrichment; (6) unfair competition; (7) failure to pay wages when due; (8) labor code penalties; and (9) declaratory relief.  Defendant answered on September 28, 2010, and then removed the action to this Court on September 30, 2010.  [Doc. Nos. 1, 2.]

Magistrate Judge Adler issued a Scheduling Order on March 1, 2011, setting certain deadlines.  [Doc. No. 17.]  Among those deadlines was the following:

> Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **May 2, 2011**.

(Scheduling Order ¶ 1 [Doc. No. 17].)  The Magistrate Judge subsequently granted the parties' joint motions to modify the Scheduling Order on July 18, 2011, on September 19, 2011, and again on November 1, 2011.  [*See* Doc. Nos. 23, 26, 31.]  None of these modifications, however, altered paragraph one of the original Scheduling Order, which set the deadline for filing "[a]ny motion to joint other parties, to amend the pleadings, or to file additional pleadings."

The parties subsequently engaged in discovery, including propounding and responding to written discovery requests, completing a number of depositions, and exchanging expert reports.  On November 18, 2011, consistent with the latest modification of the Scheduling Order, Defendant filed

1   its Motion for Summary Judgment, or, in the Alternative, for Partial Summary Judgment.  [Doc.
2   No. 35.]  The Court scheduled the motion for a hearing on Monday, January 9, 2012.
3       On December 1, 2011, Plaintiff filed the present motion seeking leave to amend the
4   complaint, attaching the proposed amended complaint to the motion.  The parties then submitted a
5   joint motion to expedite hearing on the motion to amend, which the Court granted.  Defendant filed
6   an opposition on December 14, 2011, and Plaintiff filed a reply on December 16, 2011.  The Court
7   took the motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).

8                                **LEGAL STANDARD**

9       Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to
10  pleadings.  *Coleman v. Quaker Oats, Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  However, once the
11  Court issues a pretrial scheduling order pursuant to Rule 16 setting a deadline for amending the
12  pleadings, the Court must look to that rule in determining whether amendment should be allowed.
13  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  Federal Rule of Civil
14  Procedure 16(b) requires the party requesting amendment to demonstrate "good cause" for seeking
15  amendment late.  *Johnson*, 975 F.2d at 608.
16      "'A court's evaluation of good cause [under Rule 16(b)] is not coextensive with an inquiry
17  into the propriety of the amendment under ... Rule 15.'"  *Id.* at 609 (citation omitted).  Rather, the
18  "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Id.*
19  "Although the existence or degree of prejudice to the party opposing the modification might supply
20  additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for
21  seeking modification.  If that party was not diligent, the inquiry should end."  *Id.* (internal citation
22  omitted).  Once "good cause" is shown, the party must demonstrate the amendment would still be
23  proper under Rule 15.  *Id.* at 608.  Under Rule 15, leave to amend should be granted unless
24  amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates
25  undue delay.  *See Forman v. Davis*, 371 U.S. 178, 182 (1962).
26
27
28                                      – 3 –                                  10cv2040--IEG (JMA)

**DISCUSSION**

Under the Scheduling Order, any motion to amend pleadings must have been filed by May 2, 2011. (Scheduling Order, ¶ 1.) Plaintiff did not file his motion to amend until December 1, 2011---nearly seven months past the deadline. Accordingly, for the Court to allow amendment, Plaintiff must demonstrate "good cause" under Rule 16(b). *See Johnson*, 975 F.2d at 607-08.

Plaintiff contends that he obtained new counsel on November 30, 2011. According to Plaintiff, "[b]ased on the initial pleadings and the discovery conducted to date, it was immediately apparent to [the new counsel] that the pleadings should be clarified, streamlined and pared down to reflect more accurately the facts and information obtained during discovery in the case and that will be presented at trial." (Pl. Motion, at 1-2.) Specifically, according to the new counsel, the following changes were necessary to the complaint: (1) adding a new claim for wrongful termination and breach of an implied contract pursuant to *Foley v. Interactive Data*, 47 Cal. 3d 654 (1988); and (2) combining and dividing the first three causes of actions into two for (i) breach of an oral/implied in fact contract of continued employment (*Foley* claim) and (ii) breach of a written/oral/implied in fact contract for the payment of commission. (*Id.* at 2.)

Plaintiff failed to demonstrate the requisite "good cause." He does not allege that he discovered any new facts that would warrant amending the complaint. Rather, he alleges that he obtained new counsel, but fails to cite any authority that seeking a second opinion from different counsel entitles a party to amend the pleadings at such a late stage or otherwise qualifies as "good cause." More importantly, even if seeking a second opinion *could* be equivalent to discovering new facts, Plaintiff cannot demonstrate that he was "diligent" in seeking that opinion. *See Johnson*, 975 F.2d at 609 ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). Here, the deadline for filing any motion to amend was May 2, 2011. Plaintiff waited until November 30, 2011---almost seven months later and after Defendant filed its motion for summary judgment---to seek opinion of new counsel. This is anything but diligent and does not entitle Plaintiff to relief. *See id.* ("[C]arelessness is not compatible with a finding of

1   diligence and offers no reason for a grant of relief.").

2   Moreover, the Court can---but does not have to---look at the prejudice to Defendant in determining whether Plaintiff's late motion to amend should be granted or denied *See id.*  In this case, parties have already engaged in, and completed, discovery.  They have propounded and responded to written discovery requests, completed a number of depositions, and exchanged expert reports.  Defendant has also filed a motion for summary judgment, which the Court is scheduled to hear in less than three weeks.  The Final Pretrial Hearing is currently set for February 13, 2012, with the jury trial to begin shortly thereafter.  [*See* Doc. No. 31.]  All of these reasons weigh in favor of denying Plaintiff's late motion to amend.  *See Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (holding that the district court did not abuse its discretion in denying a motion to amend made "on the eve of the discovery deadline," where granting the motion would have required re-opening discovery, thus delaying the proceedings); *Matsumoto v. Republic Ins. Co.*, 792 F.2d 869, 872 (9th Cir. 1986) (holding that the district court did not abuse its discretion in denying motion to amend where the discovery had already commenced and defendant's motion for summary judgment was pending); *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (holding that the district court did not abuse its discretion in denying leave to amend where the "issue was raised at the eleventh hour, after discovery was virtually complete and the [defendant's] motion for summary judgment was pending before the court").

## CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff failed to demonstrate "good cause" for seeking amendment at such a late stage.  *See Johnson*, 975 F.2d at 609.  Accordingly, the Court **DENIES** Plaintiff's motion to amend.

**IT IS SO ORDERED.**

DATED:  **December 22, 2011**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**